IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:10CR150 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| CESAR FRANCO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's objection, Filing No. 59, to the Findings and Recommendation ("F&R") of the magistrate judge. *See* Filing No. 49, F&R; Filing No. 53, Transcript (Tr.) at 29-36. The defendant is charged with drug distribution offense. Filing No. 1, Indictment. He seeks suppression of evidence seized and statements made in a traffic stop, custodial interrogation, and search of his home on March 4, 2010. He argues that there was no probable cause for the traffic stop and the evidence obtained by law enforcement officers following the stop are the fruit of the poisonous tree. The magistrate judge recommends denying the motion in all respects. Filing No. 49, F&R.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a *de novo* determination of those portions of the F&R to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has reviewed the record, including the transcript of the suppression hearing on March 15, 2011, and the exhibits admitted as evidence at the hearing.

**FACTS**

The defendant does not challenge the magistrate judge's recitation of the facts. The court accepts the factual findings of the magistrate judge and they will be repeated only as

<mark>8:10-cr-00150-JFB-FG3   Doc # 61   Filed: 05/05/11   Page 2 of 4 - Page ID # 312</mark>

necessary to this opinion. Filing No. 53, Tr. at 93-98. The magistrate judge credited the testimony of five law enforcement officers who testified at the hearing. *Id.* at 92. Briefly, the evidence shows that on March 4, 2010, a confidential informant was working with local law enforcement in connection with an undercover controlled substance purchase. *Id.* at 5-7. Officers conducting surveillance on a residence observed a white vehicle depart from the scene. *Id.* at 20-22. Two other officers, who were in communication with the officers observing the residence, then observed a white vehicle fail to come to a complete stop at a stop sign. *Id.* at 10, 19, 26-27, 41. Those officers conducted a traffic stop and asked the defendant to step out of the vehicle. *Id.* at 43. Omaha Police Officer Brian Gerrity testified that the defendant verbally consented to a search of the vehicle. *Id.* The defendant was asked if he was willing to accompany the officers to the police station to talk to detectives. *Id.* at 46-47. At the station, he was placed in an interview room and was read his *Miranda* rights and acknowledged that in writing. *Id.* at 66-69. He made certain incriminating statements and offered to allow the officers to search his residence. *Id.* at 69.

Franco objects to the magistrate judge's finding that the stop and detention of Franco was supported by probable cause, and the findings that the defendant's consent to the search of his vehicle and home and his statements were freely and voluntarily made.

To constitute a reasonable seizure, a traffic stop must be supported by, at a minimum, "a reasonable, articulable suspicion that criminal activity" is occurring. *United States v. Frasher,* 632 F.3d 450, 453 (8th Cir. 2011). A traffic violation, however minor, provides probable cause sufficient to satisfy the constitutional reasonableness requirement. *Id.* "'Once an officer has probable cause, the stop is objectively reasonable and any ulterior motivation on the officer's part is irrelevant.'" *Id.* (quoting *United States v.*

*Arciniega*, 569 F.3d 394, 397 (8th Cir. 2009)).  Similarly, it is irrelevant that the officer would have ignored the violation but for his ulterior motive.  *Frasher,* 632 F.3d at 453. When multiple officers are involved in an investigation, probable cause may be based on their collective knowledge and need not be based solely on the information within the knowledge of the arresting officer as long as there is some degree of communication.  *Id.*

The court agrees with the magistrate judge's conclusion that the initial stop of the vehicle was supported by probable cause due to the traffic violation for failing to fully stop at a stop sign.  Further, given the officers' participation in a drug investigation and their communication with other officers conducting surveillance, the court agrees that the arresting officers were in possession of information that furnished a reasonable, articulable suspicion of criminal conduct that would have justified a search of the vehicle even in the absence of the defendant's consent.

Also, the court finds that the magistrate judge properly considered the factors relevant to the voluntariness of consent under *United States v. Chaidez,* 906 F.2d 377, 381 (8th Cir.1990)).  The court agrees that the evidence shows the consent was freely and voluntarily given.  Further, there is no dispute that the defendant was given an appropriate warning under *Miranda v. Arizona,* 384 U.S. 436 (1966), before he was questioned at the police station.  *See* Ex. 1, Rights Advisory Form.  Accordingly, the court finds the defendant's objections should be overruled and the magistrate judge's recommendations should be adopted.

IT IS ORDERED:

1. The defendant's objections (Filing No. 59) to the Findings and Recommendation of the magistrate judge are overruled.

2. The findings and recommendation of the magistrate judge (Filing No. 49 & Filing No. 53) are adopted.

3. The defendant's motion to suppress (Filing No. 37) is denied.

DATED this 5th day of May, 2011.

BY THE COURT:

s/Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4