IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>CESAR D. FRANCO,<br><br>  Defendant. | 8:10CR150<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the defendant Cesar Franco's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255). § 2255 Motion, Filing No. 80. The defendant pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine (actual). Plea Hearing, Filing No. 66. The court sentenced Franco to 120 months of imprisonment, followed by five years of supervised release. Judgment, Filing No. 74. In his § 2255 motion, Franco claims his attorney, Jerry M. Hug, failed to file a notice of appeal. Filing No. 80. Hug denies this allegation, and explains he always files a notice of appeal when requested, regardless of the likelihood of success. Affidavit, Filing No. 91-1.

I.   **Law: Two-Prong *Strickland* Test for Ineffective Assistance of Counsel**

Under 28 U.S.C. § 2255, a federal prisoner is entitled to "relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C.A. § 2255(a)). A movant may raise ineffective assistance of counsel issues in collateral proceedings. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003). "The right to counsel is a fundamental right of

criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). Under the Fifth and Sixth Amendments, the right to assistance of counsel extends to both trial and to a defendant's first appeal of right. See *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963) (stating the right to counsel is fundamental at the trial level); *Evitts v. Lucey*, 469 U.S. 387, 392-93 (1985) (discussing the fundamental right to effective assistance of counsel on a criminal defendant's first appeal as of right).

The right to counsel includes the right to reasonably effective counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to make out a claim of ineffective assistance, a movant must satisfy the familiar two-part *Strickland* standard, "which requires a showing 'that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice).'" *King*, 595 F.3d at 852 (quoting *Alaniz v. United States*, 351 F.3d 365, 367-68 (8th Cir. 2003)).

Deficient performance "is that which falls below the 'range of competence demanded of attorneys in criminal cases.'" *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. April 1, 2010) (quoting *Strickland*, 466 U.S. at 687). "The standard is an objective one, viewed in light of professional norms prevailing when the representation took place." *Id.* at 906 (citing *Bobby v. Van Hook*, 558 U.S. 4, 6, 130 S. Ct. 13, 16 (2009) (per curiam)). The court must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. "An

2

attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance [of counsel]." *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) (citations omitted). However, "[a] bare assertion . . . that [the defendant] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary position." *Id.* (citations omitted).

To establish prejudice under *Strickland,* a petitioner must "demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different." *Christenson v. Ault*, 598 F.3d 990, 998 (8th Cir. 2010). However, if the defendant alleges counsel failed to file a notice of appeal when requested, a showing of actual prejudice is not necessary. *Barger*, 204 F.3d at 1182 (stating that the likely success on appeal is irrelevant). Defendants claiming failure to file a notice of appeal must only demonstrate they requested an appeal, and that counsel failed to comply with the request. *Id.*

## II.   Discussion: Defendant Failed to Meet Burden

The court finds Hug's version of facts more credible, and denies the defendant's § 2255 motion. Franco pleaded guilty, and the court imposed the mandatory minimum sentence. Filing No. 66; Filing No. 74. The defendant pleaded guilty voluntarily, and the court informed him of the rights he surrendered by doing so. *See generally*, Plea Hearing Transcript, Filing No. 81. The defendant had little reason to appeal as he had nothing to gain and had given up certain rights, including the right to challenge the lawfulness of the evidence against him. *Id.* For this reason, the court credits counsel's story, and discredits the defendant's.

Franco submitted a letter he received from the United States Court of Appeals for the Eighth Circuit as Exhibit 1 to support his § 2255 motion.  Filing No. 80 at 22.  This document does not lend Franco credibility.  It does indicate the defendant wrote to the Eighth Circuit to inquire about his appeal sometime before June 4, 2012.  *Id.*  However, it fails to prove Franco instructed his attorney to file a notice of appeal, or even that he made inquiries about the appeal process within the time to file.[1]

Because the court finds Hug more credible, Franco has failed to meet his burden to show that he made his desire to appeal apparent to counsel.  Therefore, the defendant has not demonstrated deficient performance.

THEREFORE, IT IS ORDERED that the court denies the defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Filing No. 80).

Dated this 2nd day of July, 2013.

        BY THE COURT:

        s/ Joseph F. Bataillon
        United States District Judge

---

[1] The court entered judgment on September 28, 2011.  Filing No. 74.  The court informed Franco at that time that he had 14 days to file a notice of appeal.

4