IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. CESAR D. FRANCO, Defendant. | 8:10CR150 MEMORANDUM AND ORDER |

This matter is before the court after an evidentiary hearing on defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on May 29, 2015. Filing No. 80. This action was remanded from the Eighth Circuit Court of Appeals with directions to conduct an evidentiary hearing. *See* Filing No. 105.

I. FACTS

The record shows that on June 14, 2011, Defendant appeared before this Court and pled guilty to Count I of an indictment charging him with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 846. Filing No. 66, Text Minute Entry; Filing No. 81, Change of Plea Transcript "Plea Tr." at 15-16. During the hearing, the defendant acknowledged that the quantity of actual methamphetamine for which he was charged carried a mandatory minimum sentence of ten years. *Id.* at 7-8. He advised the Court that he was satisfied with the services his lawyer had given him in the matter. *Id.* at 7.

Defendant was sentenced on September 28, 2011, to the statutory mandatory minimum of 120 months incarceration to be followed by a 5 year term of supervised release and a $100 special assessment. Filing No. 73, Text Minute Entry; Filing No. 74,

Judgement; Filing No. 82, Sentencing Hearing Transcript "Sent. Hr'g Tr." at 7. Counts II and III were dismissed on motion by the government. Filing No. 82, Sent. Tr. at 8. The court specifically advised the defendant of his right to appeal and told the defendant he had 14 days to do so. *Id.* at 8. Franco was directed to talk to defense counsel Jerry Hug if he wanted to appeal and was informed that if he did not have enough money to pay for a lawyer or the cost of the appeal, he should talk to Mr. Hug, who would get the paperwork together. *Id.*

Franco filed a § 2255 motion to vacate his sentence in the district court on the ground that Hug's failure to file a notice of appeal, as requested, amounted to ineffective assistance of counsel in July 2012. *See* Filing No. 80. Attached to the motion was a letter, dated June 4, 2012, from the Clerk of Court for the United States Court of Appeals for the Eighth Circuit, acknowledging receipt of an inquiry regarding the status of Franco's appeal and informing him the no appeal had been filed. *Id.*

This court denied Franco's § 2255 motion, finding that the defendant had failed to meet his burden to show that he requested an appeal and counsel failed to comply with that request. Filing No. 94, Memorandum and Order at 3. The Eighth Circuit reversed, finding that the defendant was entitled to a hearing before the district court made factual determinations about his credibility. *See* Filing No. 105, Eighth Circuit Opinion at 4.

An evidentiary hearing was held on May 29, 2015. The defendant was represented by appointed counsel, Assistant Federal Public Defender Karen Shanahan. At the hearing, the defendant testified by telephone that he had been represented by attorney Jerry Hug in his criminal case. He stated that he entered a plea of guilty and had a plea agreement. He and his counsel reviewed the presentence investigation

report. He was sentenced to 120 months on Sept. 28, 2011. He stated he was aware of his right to appeal after sentencing. He testified he had a conversation with Mr. Hug about an appeal right after the sentencing. He stated they were still in the courtroom when this happened. He testified he mentioned to Hug to file an appeal.

He testified there was no discussion about the merits of the appeal. He further testified he was not able to get ahold of Mr. Hug. He stayed in Omaha for a week or two and then he was sent to a Bureau of Prisons (BOP) facility. He testified he did not contact Hug by telephone after the sentencing. He testified he sent Hug a letter, but does not recall when and he did not retain a copy of the letter. He made no other attempts to communicate with Hug, but later wrote to the Court of Appeals inquiring as to the status of his appeal. The court takes judicial notice of a response from the Court of Appeals to that letter. Filing No. 80.[1] After receiving that response from the Court of Appeals, he did not try to contact Mr. Hug.

Franco also stated that he understood that the lowest sentence he could receive in the case was 120 months. He also recalled that Hug told him there would be nothing to appeal if he were sentenced to 120 months. In response to that statement, he testified that he told Hug that his family said he should appeal and that he had to fight for his life if sentenced to ten years.

---

[1] Filing number 80 is the § 2255 motion to vacate or set aside filed by Mr. Franco which includes a letter from the from the Clerk of Court of the Eighth Circuit Court of Appeals, dated June 4th, 2012, to Mr. Franco acknowledging receipt of Mr. Franco's inquiry concerning the status of the appeal. Filing No. 80, Petition, Ex. A. The letter states that no appeal had been filed and directed Franco to contact either the district court or his attorney. *Id.*

3

Attorney Jerry Hug testified that he has been licensed to practice law in Nebraska since 1996. His practice has concentrated on criminal defense in both state and federal courts. He has represented hundreds of criminal defendants.

Hug testified he was appointed as counsel to represent Cesar Franco after two attorneys withdrew. After he was appointed, he requested and received leave of court to file a motion to suppress evidence. He filed the motion and it was denied. He testified that thereafter there was some discussion about a plea agreement, but the defendant ultimately decided to plead without a written plea agreement. There was an oral agreement with the prosecutor to dismiss Counts II and III in exchange for a guilty plea to Count I. He stated that he recalled there were issues with drug quantity that might have affected Franco's advisory guidelines range and that they agreed that Franco would be better off without a written plea agreement because he would not have to waive any variance or departure issues if the presentence investigation report was unfavorable to Franco. Hug testified that at some point prior to the sentencing hearing he discussed with Franco the mandatory minimum sentence of 120 months.

Hug stated he specifically recalled talking to Franco immediately after the sentencing hearing and telling Franco that Hug was happy that Franco had been sentenced to the minimum and telling him that there were no matters for appeal. He did not recall the defendant telling him to file an appeal. He testified that if the defendant had asked him to file an appeal, he would have done so. He stated that, because in his judgment there were no meritorious grounds for appeal he would have filed an *Anders*

brief.[2] He also reaffirmed the statements in the affidavit earlier submitted to the court. *See* Ex. 1, Affidavit.

Hug identified Exhibit 2 as the Criminal Justice Act ("CJA") voucher he prepared in connection with his court-appointed representation of Franco. He stated he prepared the document in order to be paid. The bill is dated September 28, 2011, which was the date of Franco's sentencing hearing. He stated he signed and submitted the document that day. He testified he would not have prepared and submitted the billing statement if he had been asked to file an appeal because he would still have had work to do on the case, such as contacting the court reporter to request a copy of the sentencing hearing, filing a notice of appeal, and typically, meeting with the defendant. He also stated that if a client told him he wanted to think about filing an appeal, he would not have closed out the district court bill. Hug further testified that it would have been in his financial interest to file an appeal.

On cross-examination, Hug testified that a written plea agreement may have been offered to Franco through his former attorney. He stated that Franco was adamant that he was not willing to enter into the plea agreement that had been offered to him. Hug believed Franco's reluctance was due to the calculation of drug quantity attributable to Franco in the initial plea agreement. Hug also testified that he believed there were appeal waivers in plea agreements offered by the government at that time.

---

[2] *See Anders v. State of Cal.*, 386 U.S. 738, 744 (1967) (outlining procedure to follow if counsel, after conscientious examination, finds a defendant's case to be wholly frivolous—the attorney should so advise the court and request permission to withdraw, but the request must be accompanied by a brief referring to anything in the record that might arguably support the appeal).

He also testified that he believed that the drug quantity issue had been resolved in the revised presentence report, in response to objections filed by Hug.

He further testified that he continues to accept phone calls and correspondence from clients after sentencings and stated that his office accepts phone calls from jails. He does not have a procedure in place whereby clients sign a form stating that they have been informed of their rights to appeal and decline to appeal. Further, he noted that any discussion he had with Franco on the date of the sentencing hearing would have been too short to separately itemize. He had nothing in his file that reflected the letter from the Court of Appeals and did not recall that occurring at all. Further he had no post-sentencing correspondence for the defendant in his file, but stated that if he received correspondence for a client he would retain it in the file.

II. LAW

When a petitioner claims ineffective assistance of counsel, he generally must establish: (1) that counsel's performance "fell below an objective standard of reasonableness" and (2) that the defendant suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). A defendant "faces a heavy burden" to establish ineffective assistance of counsel. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). However, an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary. *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000); *Witthar v. United States*, 793 F.3d 920, 922-23 (8th Cir. 2015) (stating that prejudice is presumed).

For such a claim to succeed, however, a petitioner must show that he instructed his counsel to file an appeal. *Barger*, 204 F.3d at 1182. If an attorney has consulted with his client about an appeal, he will not be found ineffective unless he fails to follow "express instructions with respect to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478, (2000). However, a "'bare assertion by the [movant] that [he or she] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition.'" *Green v. United States*, 323 F.3d 1100, 1103 (8th Cir. 2003) (quoting *Barger v. United States*, 204 F.3d at 1182).

Where there is no express direction from a defendant to appeal, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. In making the determination as to whether counsel had been effective in counseling the defendant about appeal, "courts must take into account all the information counsel knew or should have known." *Id.* (noting that "a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings.").

An attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal. *Campbell v. United States*, 686

7

F.3d 353, 360 (6th Cir. 2012); see *St. George v. District Attorney of City of Philadelphia*, 529 F. App'x 226, 229 (3d Cir. 2013) (reinstating appeal places the defendant "in the same position he would have been in if he had had effective assistance of counsel"); *United States v. Shedrick*, 493 F.3d 292, 303 (3d Cir. 2007) (vacating and remanding for re-entry of the initial sentence so the defendant could timely appeal); *Lewis v. Johnson*, 359 F.3d 646, 662 (3d Cir. 2004) (instructing a district court to issue a conditional writ ordering a defendant's release unless his direct appeal rights were reinstated); *United States v. Snitz*, 342 F.3d 1154, 1159 (10th Cir. 2003)(directing district court to vacate and reenter its judgment of conviction and sentence to allow defendant to file a timely appeal).

III. DISCUSSION

The issue for resolution in the evidentiary hearing is whether Franco directed Hug to file an appeal. Franco testified he told Hug to file an appeal and Hug testified that he does not recall the defendant asking him to file an appeal. For the reasons set forth below, the court finds that the defendant has not shown that he specifically instructed his attorney to appeal his conviction and/or sentence.

The defendant's testimony to that effect is suspect for several reasons. Although Hug was not able to specifically counter Franco's testimony with evidence that Franco expressly declined to appeal, circumstances show that it is highly unlikely that Franco made such a request and Hug disregarded it. Hug recalled several specifics about his conversation with the defendant after the sentencing hearing, but did not recall Franco telling him to file an appeal. Hug is an experienced and capable criminal defense attorney. Documentary evidence shows he submitted his CJA voucher on the day of

8

the sentencing. He testified that he would not have done so had the defendant asked to appeal. Moreover, attorney Hug testified that it would have been in his own financial interest to appeal, if asked. There would have been no reason not to file an appeal. Also, the defendant had been informed by the court of his right to appeal and of his right to counsel at no cost.

The evidence shows that whatever post-sentencing conversation the defendant and counsel had immediately after the sentencing hearing was of limited duration. The defendant admits that his attorney told him there was no basis on which to appeal and acknowledges that there was no substantive discussion of the grounds for an appeal. It stands to reason that if the defendant had expressed a desire to appeal, contrary to advice of counsel, counsel and his client would have discussed the matter at some length.

Franco testified that, in spite of the fact that he was in Omaha for several weeks, he did not call Hug's office. Hug testified his office would have accepted such calls. Franco testified he wrote Hug a letter at some point but was vague as to the timing and contents of the letter and there is no record of any such correspondence. An experienced trial attorney would maintain a copy of any such correspondence in his file. Moreover, Franco stated that he did not attempt to contact Hug after he received the correspondence from the Eighth Circuit informing him that no appeal had been filed, despite the fact that the letter suggested that he do so.

Further, the evidence does not present any circumstances to indicate that counsel had any constitutionally imposed duty to consult with the defendant about an appeal beyond what was provided. Defense counsel would have had no reason to think

9

that a rational defendant would want to appeal (because there were no meritorious bases for appeal) and Franco did not reasonably demonstrate to counsel that he was interested in appealing. The fact that the defendant had decided to enter a plea of guilty to the charge with a mandatory minimum—foregoing an opportunity to challenge the evidence against him and limiting his appeal options—demonstrates some willingness to put an end to judicial proceedings.

Under the totality of the circumstances, the court discredits Franco's testimony that he explicitly asked his attorney to file an appeal. Credible evidence suggests the contrary proposition. Accordingly, the court finds the defendant's motion for relief under 28 U.S.C. § 2255 should be denied.

IT IS ORDERED:

1. The defendant's motion to vacate, set aside, or correct his sentence (Filing No. 80) is denied.

2. A judgment in conformity with this Memorandum and Order will issue this date.

Dated this 6th day of January, 2016

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge